UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ABBOTT, SIMSES & KUCHLER, A                    CIVIL ACTION
PROFESSIONAL LAW CORPORATION


VERSUS                                         NO: 06-10003


ZURICH NORTH AMERICA, ET AL.                   SECTION: "J" (1)



**ORDER AND REASONS**

Before the Court is plaintiff's Motion to Remand. (Doc. 6.) The motion is opposed. For the following reasons, the Court finds that plaintiff's motion should be GRANTED.

**BACKGROUND**

Plaintiff procured insurance through its agent Ellsworth Corporation. Plaintiff and Ellsworth are both Louisiana citizens. The insurance policy included a provision for business interruption. Following Hurricanes Katrina and Rita plaintiff filed a claim for losses from business interruption at its offices in New Orleans, Covington, Jackson, and Houston. Its

1

insurer paid only a portion of the claimed loss because it decided "that only the New Orleans office has coverage under the Commercial Property Policy." (Abbott aff., Doc. 20, Ex. A.)

On August 28, 2006, plaintiff filed suit in state court claiming damages for the business interruption losses at all of its offices. Plaintiff sued its insurers, Zurich North America and Maryland Casualty Company, for failing to properly pay under the insurance policy, and, alternatively, Ellsworth Corporation for breaching contractual and other duties by failing to recommend and procure coverage sufficient to meet plaintiff's express needs. On November 15, 2006 the insurance company defendants removed the case to this Court based upon diversity jurisdiction. They argue that Ellsworth Corporation was improperly joined because it had no duty to advise plaintiff as to coverage and any claims against it are perempted.

## LEGAL STANDARD

Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). The removal statutes should be strictly construed in favor of remand.

2

*Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an

allegation of improper joinder, the district court must construe
factual allegations, resolve contested factual issues, and
resolve ambiguities in the controlling state law in the
plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213,
216 (5th Cir. 1995).

## DISCUSSION

Defendants argue that plaintiff has no possibility of
recovering against Ellsworth because Ellsworth did not owe
plaintiff a duty to advise and that the one year peremptive
period had passed before plaintiff filed suit. Apparently
plaintiff last discussed its policy with Ellsworth in October
2004 and requested some changes and increases in coverage. On
November 16, 2004 plaintiff received confirmation from Ellsworth
that the changes had been made. Ellsworth advised plaintiff to
review the changes. Defendant argues that as of November 16, 2004
plaintiff had constructive knowledge of the terms of its policy,
so the one year peremptive period began to run at that time and
ended before the complaint was filed on August 28, 2006. "A
reasonable person in this position would have been able to
ascertain the coverage limits of the policy and would have been
aware of any causes of action in negligence as of that date."
(Def's Opp., Doc. 10, at 6.) Plaintiff argues that it filed suit

4

"within one year of being placed on notice of its claims."

Plaintiff misstates the law insofar as suit must be filed within one year from the date that "the alleged act, error, or omission" was or should have been discovered, not one year from discovery of the existence of a claim. *See* La. R.S. § 9:5606. Nevertheless, if the receipt of the renewed policy was insufficient to put it on notice that Ellsworth had not procured the coverage it requested, then the one year period would not begin to run until something else did or should have put it on notice. The three year peremptive period of section 9:5606 clearly had not run by the time plaintiff filed suit.

The main problems with ruling out the possibility of recovery against Ellsworth are that the policy is less than express that not all of the offices are covered for business loss, and the Court does not know what coverage plaintiff asked Ellsworth to procure.

Defendants have failed to direct the Court's attention to the clear provision that should have notified plaintiff of any mistake or negligence by Ellsworth in procuring business loss insurance, which would start the one year peremptive period running. From plaintiff's affidavit it seems that defendants are claiming that the other offices are simply not insured for

business loss. If that is Defendants' argument, and the argument
is correct, then Ellsworth could be liable for failing to procure
insurance on those properties when plaintiff requested it. The
policy language is not clear enough to put plaintiff on notice of
the misrepresentation, so the claim would not be perempted.

Questions also exist regarding the existence and breach of a
duty owed by Ellsworth to plaintiff. The petition alleges that
Ellsworth placed "coverage on Plaintiff's property which was, and
is, inconsistent with Plaintiff's expressed needs" and took
"actions that were, and remain, contrary to the expressed needs
of the Plaintiff, the law, insurance industry custom and
practice, the parties' course of dealings, and the facts."
Plaintiff seems to be complaining that it requested business
interruption coverage for all of its offices and Ellsworth only
procured coverage for the New Orleans office. Or plaintiff could
have expressed the need for business loss insurance that covered
loss from causes other than on-site physical damage at the
specific office. Ellsworth could be liable for not procuring the
requested coverage and not letting plaintiff know that the other
offices were not covered in accordance with plaintiff's needs.
Read in the light most favorable to plaintiff, this states a
cause of action. *See Offshore Production Contractors v. Republic*

*Underwriters*, 910 F.2d 224 (5th Cir. 1990).

Defendants have failed to carry their heavy burden. The matter is simply too nebulous for the Court to find that Ellsworth is improperly joined.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 6) is **GRANTED.**

New Orleans, Louisiana this the 14th day of February, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7